UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BEN BRINKMANN, HANK BRINKMANN, and
MATTITUCK 12500 LLC,

                      Plaintiffs,

           -against-

TOWN OF SOUTHOLD, NEW YORK,

                   Defendant.
------------------------------------------------------------X

**MEMORANDUM DECISION
AND ORDER**

21-CV-02468 (LDH)(JMW)

**A P P E A R A N C E S:**

Jeffrey H. Redfern
Arif Panju
William R. Aronin
**Institute for Justice**
901 N Glebe Rd, Ste 900
Arlington, VA 22203
*For Plaintiffs*

Brianna Walsh
James M Catterson
**Pillsbury Winthrop Shaw Pittman LLP**
31 West 52nd Street
10019
New York, NY 10019
*For Defendant*

Damon Andrew Hagan
**Mayer, Ross & Hagan**
178 East Main Street
Patchogue, NY 11772
*For Defendant*

**WICKS,** Magistrate Judge:

       Plaintiffs, Ben Brinkmann, Hank Brinkmann, and Mattituck 12500 LLC commenced this

action against Defendant Town of Southold, New York, pursuant to alleged violations of the Civil

Rights Act.  (DE 1.)  Before the Court is Plaintiffs' motion to lift or vacate the discovery stay.  (DE

40.)  For the reasons that follow, Plaintiffs' motion is denied.

## I.      BACKGROUND

Plaintiffs commenced this action on May 4, 2021, by filing a Complaint against Defendant alleging that Defendant unlawfully attempted to seize private property from the Plaintiffs, via eminent domain, for the specific purpose of preventing the Plaintiffs from operating a hardware store, which allegedly satisfies all other zoning and regulatory requirements.  (*Id*.)  Plaintiffs later learned that there was a condemnation action in state court filed by the Defendant on May 5, 2021.  (*Id*.)  Plaintiffs then sought a preliminary injunction (DE 18), which was ultimately denied by Judge DeArcy Hall on September 20, 2021.  (DE 28.)  On September 22, 2021, Defendant moved to stay discovery pending a decision on Southold's motion to dismiss the action in its entirety.  (DE 29.)  Plaintiffs opposed and Defendant submitted a reply.  (DE 30-31.)  On September 24, 2021, the Court held a motion hearing where the Court heard argument from all parties. Upon review of the parties' submissions, and based on the parties' arguments, on September 24, 2021, all discovery was stayed pending the resolution of Defendant's motion to dismiss.  (DE 32.)

Plaintiffs then moved to appeal the preliminary injunction (DE 33) but have subsequently revoked their appeal to allow the Court to rule on the motion to dismiss.  (DE 40.)  The motion to dismiss has been filed by the Defendant and is now pending.  (DE 34.)

On July 8, 2022, Plaintiffs made a motion to lift the discovery stay.  (DE 40.)  The Defendant has opposed this motion in its entirety.  (DE 41.)

## II.      DISCUSSION

Rule 1 advises that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and

proceeding."[1]  A request to stay litigation could at times undermine that command.  Staying

discovery could arguably stay justice.[2]  Notwithstanding, there are indeed circumstances when

issuing or continuing a stay advances the goals of Rule 1.

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control

the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and

for litigants.'"  *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2

(E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  In determining

whether to grant a stay of discovery pending a motion, courts typically consider: "(1) whether the

defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of

discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing

the stay."  *Id.* (citation omitted).  "The decision to continue or lift a stay is a matter within this Court's

discretion" and the Court should keep in mind the factors it considered in "ordering the stay in the first

place."  *In re Kind LLC "Healthy & All Natural" Litig.*, No. 15-MC-2645 (WHP), 2019 WL 542834,

at *2 (S.D.N.Y. Feb. 11, 2019).

Here, after review of the parties' briefs and hearing arguments from the parties, the Court

determined that a stay was warranted back in September 2021.  (DE 32.)  Upon making this motion,

Plaintiffs offer no change in circumstances to warrant lifting the discovery stay that is currently in

place.  Plaintiffs attempt to argue that the length of time the motion to dismiss has been pending

somehow evidences that "the Court has changed its mind" and does not intend to grant the motion to

dismiss.  (DE 40 at 3.)  This argument is unpersuasive.  With hundreds of cases before it, the duration

---

[1] Indeed, the 2015 amendments to Rule 1 were intended to make clear that not only are courts required to construe the rules in this way, but that "parties share the responsibility to employ the rules in the same way." Fed. R. Civ. P. 1 advisory committee's notes to 2015 amendment.

[2] *See, e.g.*, Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery When a Motion to Dismiss is Pending*, 47 WAKE FOREST L. REV. 71, 72 (2012).

of time it may take a Court to issue a decision is unrelated to how it will decide the motion.  As Plaintiffs astutely point out, "this is not the only matter the Court is handling" and "the Court will issue a decision on the motion whenever practicable."  (DE 41 at 2.)

Plaintiff's next argument is that even if the motion to dismiss is granted it may not be affirmed on appeal and thus discovery should go forward.  This argument is also unconvincing.  In determining whether a stay is warranted pending a motion to dismiss the court considers (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay.  A party's potential to succeed on appeal is not part of the Court's consideration and the Court declines to extend its analysis here.

To the extent that Plaintiffs' motion is seeking reconsideration of the stay order, "[t]he primary grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Merced Irrigation Dist. v. Barclays Bank PLC*, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016); *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust,* 729 F.3d 99, 104 (2d Cir.2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992)).  This standard is stringent since "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Seoul Viosys Co., Ltd. v. P3 Int'l Corp.*, 16-CV-6276 (AJN), 2018 WL 401511, at *2 (S.D.N.Y. Jan. 12, 2018) (quoting *In re Health Mgmt. Sys., Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

Here, Plaintiffs have simply not demonstrated that there has been an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.  (*See* DE 40.)  Although "courts ordinarily have not defined precisely what constitutes clearly erroneous or manifest injustice for reconsideration purposes, at least one court has held that

4

reconsideration is not warranted unless the prior decision is 'dead wrong.'" *Corpac v. Rubin & Rothman, LLC*, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013) (quoting *In re Air Crash at Belle Harbor, New York on November 12, 2001,* Nos. 02 MDL 1448(RWS), 02 Civ. 439(RWS), 02 Civ. 3143(RWS), 2007 WL 4563485, at *1 n. 1 (S.D.N.Y. Dec. 18, 2007)).  Even considering the costs Plaintiffs claim to be incurring while discovery is stayed (DE 40 at 4), it cannot be said that this rises to the level of "manifest injustice".  The Court therefore declines the invitation to reconsider its ruling on the motion to stay, and the stay remains in effect.

### III.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion to vacate the stay of discovery is DENIED.

Dated: Central Islip, New York
        August 31, 2022

S O   O R D E R E D:

/s/ *James M. Wicks*
        JAMES M. WICKS
United States Magistrate Judge