UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BEN BRINKMANN, HANK BRINKMANN, and
MATTITUCK 12500 LLC.,

Plaintiffs,

v.

TOWN OF SOUTHOLD, NEW YORK,

Defendant.

**MEMORANDUM AND ORDER
ADOPTING REPORT AND
RECOMMENDATION**

21-CV-2468 (LDH) (JMW)

---

Plaintiffs Ben Brinkmann, Hank Brinkmann, and Mattituck 12500 LLC brought this

action against Defendant Town of Southold, New York pursuant to 42 U.S.C. § 1983 for a

violation of their rights under the Takings Clause of the Fifth Amendment to the United States

Constitution. Defendant moved for costs and attorney's fees following dismissal of the case.

(*See* ECF No. 48.) On June 20, 2023, Magistrate Judge James M. Wicks issued a report and

recommendation ("R&R") recommending that the Court grant Defendant's motion in part.

**BACKGROUND[1]**

Plaintiffs Ben and Hank Brinkmann operate a chain of hardware stores on Long Island,

New York. (Complaint ("Compl.") ¶ 17–18, ECF No. 1.) Defendant Town of Southold is a

municipal corporation organized under the laws of New York. (*Id*. ¶ 12.) In 2016, Plaintiffs

Ben and Hank Brinkmann, through their wholly owned company Plaintiff Mattituck 12500

LLC, purchased approximately 1.75 acres of property in the Town of Southold (the

---

[1] The following facts are taken from the complaint and are assumed to be true for the purpose of this
memorandum and order, unless otherwise indicated.

"Property"). (*Id*. ¶¶ 4, 11, 28.)  Plaintiffs purchased the Property with the intention of opening

a new hardware store location in Southold. (*Id.* at ¶ 4, 23, 28.)  Before Plaintiffs could obtain a

building permit for the new store, Defendant enacted a moratorium on building permits

covering all properties situated on the stretch of road where the Property is located.  (*Id.* ¶¶ 82–

83.)  Then, in September 2019, Defendant adopted a resolution to acquire the Property via

eminent domain for use as a public park.  (June 29, 2021 Decl. James Catterson ("Catterson

Decl."), Ex. 1, ECF No. 20-2.)  Thereafter, Defendant initiated the process of acquiring the

Property under New York Eminent Domain Procedure Law ("EDPL").  (*Id*. at Ex. 3, ECF No.

20-4.).  In September 2020, following a public hearing, Defendant issued its "findings and

determinations," which found Defendant's proposed use for the Property as a park to be a valid

public purpose for acquisition by eminent domain.  (Compl. ¶¶ 100–02).  Plaintiffs did not

challenge the public use determination.  (*Id*. ¶¶ 108–09.)

On May 4, 2021, Plaintiffs brought suit against Defendant alleging that Defendant's

acquisition of the property violated the Takings Clause.  After initially denying Plaintiff's motion

for a preliminary injunction, (*see* Memorandum and Order, ECF No. 28), the Court granted

Defendant's motion to dismiss for failure to state a claim on September 30, 2022, (*see*

Memorandum and Order, ECF No. 44).

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, a district court "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." 28 U.S.C. § 636(b)(1)(C).  The Court conducts a de novo review of those

portions of a report and recommendation to which a party submits a timely objection.  *Id.*  Where

there are no objections to portions of the report, the district court "'need only satisfy itself that

there is no clear error on the face of the record.'" *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

## DISCUSSION

"The general rule in our legal system is that each party must pay its own attorney's fees and expenses." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010). Under 42 U.S.C. § 1988(b), however, a court "may allow the prevailing party . . . a reasonable attorney's fee as part of the costs. . . ." Though "[f]ees are regularly awarded to prevailing plaintiffs who obtain some significant measure of relief," *Panetta v. Crowley*, 460 F.3d 388, 399 (2d Cir. 2006), "[t]he Second Circuit has instructed that it should be rare for a prevailing defendant in a § 1983 case to be awarded attorney's fees." *Robinson v. Town of Kent, N.Y.*, No. 11 Civ. 2875(ER), 2012 WL 3024766, at *8 (S.D.N.Y. July 24, 2012) (citing *Sista v. CDC Ixis North Am., Inc.*, 445 F.3d 161, 178 (2d Cir. 2006)).

Accordingly, in order to qualify as a prevailing party, a party requesting attorney's fees must "receive at least some relief on the merits of his claim" which "create[s] [a] material alteration of the legal relationship of the parties . . . ." *Buckhannon Bd. & Care Home v. W.Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) (internal citations and quotations omitted). Attorney's fees will only be awarded if the party's underlying "claim was frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." *Rounseville v. Zahl*, 13 F.3d 625, 632 (2d Cir. 1994). "A claim is frivolous 'when it lacks an arguable basis either in law or in fact.'" *Id.* (citing *Shakur v. Selsky*, 391 F.3d 106, 113 (2d Cir. 2004)). *Torcivia v. Suffolk Cty.*, 437 F. Supp. 3d 239, 247 (E.D.N.Y. 2020).

Judge Wicks's R&R engaged in a two-part inquiry to decide whether Defendant is entitled to attorneys' fees: (1) whether Defendant is a prevailing party and (2) whether the claims Plaintiff advanced in this lawsuit were frivolous.  (R&R at 7–9.)  Judge Wicks found the first question—whether Defendant is a prevailing party—easily satisfied because Defendant secured a judgment against Plaintiff.  (*Id.* at 7.)  Judge Wicks also concluded that Plaintiff's claims were frivolous.  (*Id.* at 13.)  He reasoned that Plaintiffs' Takings Clause claim was based on an unfounded theory of law—that a Takings claim is viable when the government takes land for a legitimate purpose but an illegitimate motive under the Supreme Court's decision in *Kelo v. City of New London*, 545 U.S. 469 (2005)—which Plaintiffs pressed even after the Court unequivocally rejected it in denying preliminary injunctive relief.  (*Id.* at 11.)  Judge Wicks concluded: "Plaintiffs here have not, and cannot, point to any evidence that demonstrates an illegitimate purpose, as the lot was taken to develop a public park and not for any individual's private benefit" and there was no evidence showing that "Plaintiffs' allegation of pretext is speculative."  (*Id.* at 11–12.)  Although Judge Wicks determined that Defendant is entitled to attorney's fees, he recommended a partner rate lower than Defendant's requested blended rate and a twenty percent reduction in the hours submitted by Defense counsel.  (*Id.* at 19, 23.)  In total, Judge Wicks recommended that the Court award Plaintiffs $102,713.77 in attorney's fees.

In their objection, Plaintiffs argue that their "illegitimate motive" theory was not frivolous because it raised, as they see it, a question of first impression.  (Pl.'s Obj. at 8, ECF No. 52.)  They also contend that, even if dismissal of their claim was mandated by controlling precedent, "at least one court has squarely and explicitly disagreed." (*Id.* (citing *New England Ests., LLC v. Town of Branford*, 988 A.2d 229, 253 n.28 (Conn. 2010).)  Neither contention is persuasive.

As the Court articulated in its memorandum and order granting Defendant's motion to dismiss, Second Circuit precedent prevents courts "from 'giv[ing] close scrutiny to the mechanics of a taking rationally related to a classic public use as a means to gauge the purity of the motives of the various government officials who approved it.'"  (Memorandum and Order, at 7, ECF No. 44 (quoting *Goldstein v. Pataki*, 516 F.3d 50, 57 (2d Cir. 2008)).)  Plaintiff's argument is not novel at all.  The Second Circuit considered and rejected in *Goldstein* the exact argument Plaintiff's raised in this suit.  *See Goldstein*, 516 F.3d at 52–53 (rejecting the argument that a government project's public benefits served as a "'pretext' that mask[ed] its actual raison d'être: enriching the private individual who proposed it and stands to profit most from its completion").  Plaintiffs cannot escape that reality by retreating to a state court's interpretation of Supreme Court precedent.[2]  Plaintiffs by "ignoring the relevant, binding authority" of the Second Circuit, advanced a frivolous argument in support of their Takings Clause claim.[3]  *Incantalupo v. Lawrence Union Free Sch. Dist. No. 15*, 829 F. Supp. 2d 67, 77 (E.D.N.Y. 2010) (finding an argument frivolous because it directly ignored Second Circuit precedent).

Plaintiffs also advance three reasons that the recommended attorney's fee award is unreasonable: (1) the economic disparities between the parties, (2) the simplicity of the claim

---

[2] Plaintiffs also overstate the Connecticut Supreme Court's reading of the Supreme Court's *Kelo* decision. Contrary to Plaintiffs' reading, the Connecticut Supreme Court merely stated in dicta that *Kelo* did not directly address "the issue of whether a bad faith taking would violate the public use requirement" in a Takings Clause claim. *See New England Ests., LLC*, 988 A.2d at 253 n.28.  That solitary reference is a far cry from the square disagreement Plaintiffs conjure up.

[3] Plaintiffs' argument is legally deficient and, therefore, no set of facts could transform it into a cognizable claim.  In that respect, the Court diverges from Judge Wick's discussion of whether Plaintiffs' evidence of pretext was speculative.  (*See* R&R at 11–12.)  Whatever Defendant's internal motivations for taking the Property, the Court need not look to any evidence, much less evidence of pretext, to dismiss Plaintiff's claim.

involved, and (3) Plaintiffs' belief that Judge Wick's recommended award is out of step with similar cases. (Pl.'s Obj. at 15–16.)

Upon a de novo review of the R&R, Plaintiff's arguments fail to persuade the Court that Judge Wicks erred in his analysis. The $102,713.77 fee award Judge Wicks recommended is a market reduction from Plaintiff's requested $206,748.47 fee. That fee reflected the work done by a complex commercial litigator with thirty-seven years of experience and three associates. And, although there was no discovery in this case, Defense counsel still briefed multiple motions—including a motion for preliminary injunction, a motion to stay discovery, and a motion to dismiss. In other words, Plaintiffs "continued to litigate after [their argument] clearly became" frivolous. *Zahl*, 13 F.3d at 632. Moreover, Judge Wicks properly relied on Second Circuit and Eastern District of New York case law to support his Lodstar analysis, the standard set out by the Second Circuit. *See Ortiz v. New York*, 843 F. App'x 355, 358 (2d Cir. 2021) (summary order) ("[D]istrict courts evaluating a request for attorneys' fees must conduct a 'lodestar analysis'. . . ."). Plaintiffs' objection is overruled.

## CONCLUSION

For the foregoing reasons, the R&R is ADOPTED. Defendant's motion for attorney's fees is GRANTED in part.

Dated: Brooklyn, New York
     September 30, 2024

/s/ LDH
LASHANN DEARCY HALL
United States District Judge